UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRETT W.,

                Plaintiff,

-v-

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.
_____

19-CV-0587-MJR

DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 19)

Plaintiff Brett W.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 12) is denied, defendant's motion (Dkt. No. 17) is granted, and the case is dismissed.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed protectively for DIB on September 1, 2015 and for SSI on September 24, 2015, with an alleged onset date of April 13, 2015. (Administrative Transcript ["Tr."] 177-84). The applications were initially denied on October 28, 2015. (Tr. 78-97). Plaintiff timely filed a request for an administrative hearing. (Tr. 28-30). A video hearing was held before Administrative Law Judge John Murdock on December 1, 2017, with the ALJ appearing from Alexandria, Virginia and the Plaintiff appearing, with counsel, from Buffalo, New York. (Tr. 53-75). A vocational expert also appeared. On July 27, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. (Tr. 10-20). On March 8, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (Tr. 1-4). This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v.*

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

*Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The

Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he

or she is not disabled regardless of any other factors or considerations.  *Id.* §§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.*

§§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform."  *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 13, 2015, the alleged onset date.  (Tr. 12).  At step two, the ALJ found that Plaintiff had the following severe impairments:  diabetes mellitus; diabetic neuropathy; mitral valve regurgitation, by history; and borderline intellectual functioning.  (Tr. 13).  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 13-14).

Prior to proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in the regulations except:

> he can never balance or climb ladders, ropes, and scaffolds.  The claimant can occasionally engage in other climbing, stoop, kneel, crouch, or crawl.  He cannot tolerate any exposure to vibration, or hazardous machinery, and heights.  Lastly, the claimant is limited to simple repetitive tasks.

(Tr. 14).

At step four of the sequential evaluation, the ALJ concluded that Plaintiff has no past relevant work.  (Tr. 18).  At step five, the ALJ found that, based on Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including Nut and Bolt Assembler, Bench Assembler, and Garment Sorter. (Tr. 19). Accordingly, the ALJ determined that Plaintiff has not been under a disability from April 13, 2015, through the date of the decision. (Tr. 20).

IV.  *Plaintiff's Challenge*

Plaintiff makes several challenges to the ALJ's RFC finding. First, Plaintiff argues that the medical opinions of Plaintiff's treating neurologist, Dr. Bennett Myers, M.D., and consultative examiner, Dr. Christine Ransom, Ph.D., support an off-task limitation of at least 10%. Plaintiff also suggests that the ALJ's RFC finding did not account for his stress limitations. Contrary to Plaintiff's arguments, the Court finds that the ALJ properly considered the medical opinion evidence and that substantial evidence in the record supports the ALJ's conclusions.

In assessing Plaintiff's RFC, the ALJ considered the medical opinion evidence in accordance with the regulations. (Tr. 17-18). *See* 20 C.F.R. §§ 404.1527, 416.927. The ALJ considered and gave significant weight to the October 2015 opinion of consultative examiner Dr. Donna Miller, D.O. (Tr. 18, 633-36). The ALJ also considered and gave some weight to the various opinions of Dr. Myers. (Tr. 17-18, 561, 571, 818). Lastly, the ALJ considered but gave little weight to the October 2015 opinion of psychological examiner Dr. Ransom. (Tr. 18, 628-30). While the ALJ did not adopt any one opinion, the ALJ properly considered these opinions and incorporated supported limitations into the RFC finding. *See Rodriguez v. Comm'r of Soc. Sec.*, No. 17-CV-6006-FPG, 2018 WL 4681624, at *7 (W.D.N.Y. Sept. 28, 2018) (ALJ did not err in weighing the various

medical opinions: "Here, the ALJ did not adopt any opinion in its entirety. However, several RFC findings were consistent with portions of each opinion.").

First, the ALJ considered and gave significant weight to the October 2015 opinion of consultative examiner Dr. Miller. (Tr. 18, 633-36). Following a physical examination, Dr. Miller opined that Plaintiff should avoid temperature changes due to neuropathy. (Tr. 636). Dr. Miller did not otherwise indicate that Plaintiff had any significant physical functional limitations. (Tr. 636). While the ALJ's RFC finding did not include a temperature restriction, such omission does not alter the ALJ's determination that Plaintiff was not disabled because environmental restrictions do not significantly affect the ability to perform unskilled light work. *See* Social Security Ruling (SSR) 83-14 ("Environmental restrictions, such as the need to avoid exposure to feathers, would also not significantly affect the potential unskilled light occupational base.").

Furthermore, although Dr. Miller's 2015 opinion was issued more than two years prior to the ALJ's decision, Dr. Miller obtained a complete medical history as of the date of her examination, which was six months after Plaintiff's alleged onset date. (Tr. 633-36). "[A] medical opinion is not necessarily stale simply based on its age." *Dronckowski v. Comm'r of Soc. Sec.*, No. 1:18-CV-0027 (WBC), 2019 WL 1428038, at *5 (W.D.N.Y. Mar. 29, 2019) (citing *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018); *Andrews v. Berryhill*, No. 17-CV-6368, 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018)).

Moreover, the ALJ ultimately found Plaintiff more limited than Dr. Miller. (Tr. 14). Considering the record as a whole, including evidence obtained after Dr. Miller's examination, the ALJ limited Plaintiff to light work opposed to his prior medium exertional

work as a cleaner and pizzeria kitchen helper.  (Tr. 14, 274).  The ALJ further limited Plaintiff to simple, repetitive tasks; occasional stooping, kneeling, crouching, crawling, and climbing stairs or ramps; no balancing or climbing ladders, ropes, and scaffolds; and no exposure to vibration, hazardous machinery, or heights.  (Tr. 14). Despite Plaintiff's argument, the ALJ properly concluded that he was actually more limited than opined by Dr. Miller.

Next, the ALJ considered and gave "some" to "little" weight to the various opinions of Dr. Myers.  (Tr. 17-18, 561, 571, 818).  The ALJ gave little weight to Dr. Myers' statement that Plaintiff should be off work between May 2015 and July 2015 as this was a temporary restriction that did not meet the durational requirement for disability under the Act. (Tr. 18).  The ALJ also gave little weight to Dr. Myers's statements indicating that Plaintiff was unable to maintain employment and was 100% disabled, as these statements were administrative findings reserved to the Commissioner. (Tr. 17-18).  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner...."); *LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017) ("However, whether LaValley qualifies as 'disabled' under the statute is a decision reserved to the Commissioner.").

The ALJ further considered and gave some weight to Dr. Myer's opinion that Plaintiff would be off task 10% of the time, as it was somewhat consistent with Plaintiff's testimony that his pain made it hard to concentrate and caused him to alternate between sitting, standing, and walking.  (Tr. 18, 67).  However, as the ALJ noted, Plaintiff testified that he was generally able to complete his work despite his pain.  (Tr. 17, 67-68).  In addition, the medical record repeatedly indicated that, despite his physical complaints,

Plaintiff exhibited adequate attention and concentration. (Tr. 16, 560, 565, 570, 629, 768, 771, 774, 777, 779, 783, 787). Contrary to Plaintiff's argument, the ALJ accounted for any off-task limitation by restricting Plaintiff to unskilled light work with simple, repetitive tasks. (Tr. 14).

Lastly, the ALJ considered and gave little weight to the October 2015 opinion of psychological examiner Dr. Ransom. (Tr. 18, 628-30). Dr. Ransom indicated that Plaintiff might have mild to moderate difficulty performing complex tasks, relating adequately with others, and appropriately dealing with stress. (Tr. 630). Considering the record as a whole, the ALJ found no significant limitations in interacting with others. (Tr. 14). The ALJ noted that Plaintiff socialized with family and friends. (Tr. 14, 630). Indeed, the record showed that Plaintiff moved in with his girlfriend. (Tr. 800, 803). Additionally, Plaintiff reported no problems getting along with authority figures (Tr. 223). Accordingly, the ALJ did not include any significant limitations in social interaction in the RFC finding. (Tr. 14).

The ALJ also accounted for Dr. Ransom's opinion of mild to moderate difficulty performing complex tasks and appropriately dealing with stress. (Tr. 14). Although Plaintiff said that stress increased his pain, the ALJ noted that Plaintiff did not appear stressed during his evaluation with Dr. Ransom. (Tr. 16, 223, 629). In fact, Plaintiff generally appeared comfortable and in no distress at his various appointments. (Tr. 521, 560, 565, 570, 634, 771, 774, 777, 779, 783, 787, 798, 781, 808, 811, 813). The ALJ accounted for mild to moderate difficulties with stress in the RFC finding by limiting Plaintiff to simple, repetitive tasks of unskilled work. (Tr. 14). As the court recognized in *Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019), "an RFC limiting

a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for the plaintiff's stress-related limitations." *See also Cosme v. Colvin*, 2016 WL 4154280, *13 (W.D.N.Y. 2016) (limitations to unskilled work that did not require any contact with coworkers or the public and only limited contact with supervisors "adequately accounted for [claimant's] limitations, including any limitations dealing with stress"); *Moxham v. Comm'r of Soc. Sec.*, No. 3:16-CV-1170 (DJS), 2018 WL 1175210, at *10 (N.D.N.Y. Mar. 5, 2018) (limitation to "simple tasks and instructions, decisions on simple work-related matters, and frequent interaction with others" adequately accounted to the plaintiff's stress-related limitations).

The question here is not whether the Court would have reached a different decision than the ALJ, the question is whether there is substantial evidence supporting the ALJ's RFC determination. When "there is substantial evidence to support either position, the determination is one to be made by the fact-finder." *Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. Feb. 15, 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). The mere fact that the ALJ did not adopt any one medical opinion does not indicate that the ALJ improperly relied on his own lay opinion. *See Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (rejecting this argument, finding that "because the record contained sufficient other evidence supporting the ALJ's determination and because the ALJ weighed all of that evidence when making his residual functional capacity finding, there was no 'gap' in the record and the ALJ did not rely on his own 'lay opinion.'"). Rather, the

ALJ's RFC finding accounted for the limitations supported by the record. See 20 C.F.R. §§ 404.1545, 416.945.[3]

## CONCLUSION

. For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is denied, defendant's motion for judgment on the pleadings (Dkt. No. 17) is granted, and the case is dismissed.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   February 22, 2021
         Buffalo, New York

*(signature)*
MICHAEL J. ROEMER
United States Magistrate Judge

---

[3] The Plaintiff also argues that the ALJ erred by failing to pose hypothetical questions to the vocational expert that reflected all of Plaintiff's limitation. However, this argument is directly related to the Plaintiff's argument that the ALJ failed to include additional limitations in his RFC determination, which the Court has found without merit. "[T]he ALJ properly declined to include in his hypothetical question symptoms and limitations that [the ALJ] had reasonably rejected." *Priel v. Astrue*, 453 F. App'x 84, 87-88 (2d Cir. Dec. 23, 2011) (*citing Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983)); *see also Carvey v. Astrue*, 380 F. App'x 50, 54 (2d Cir. Jun. 7, 2010).